UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AZIZUL REHMAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| DFW PHYSICIANS MEDICAL ASSO- | § | |
| CIATES, LLC, DELILAH BRANDT, | § | |
| and ADP, Inc. | § | |
| | § | |
| Defendants. | § | |

NOTICE OF REMOVAL BY DEFENDANTS DFW PHYSICIANS
MEDICAL ASSOCIATES, LLC AND DELILAH BRANDT

TO:   Clerk of Court
United States District Court
For the Eastern District of Texas - Sherman Division
United States Courthouse
7940 Preston Road Room 101
Plano, Texas  75024

Clerk of the 471st Judicial District Court
Of Collin County, Texas
Russell A. Steindam Courts Building
2100 Bloomdale Rd.
McKinney, Texas  75071

Vincent J. Bhatti, Esq.
Ditty S. Bhatti, Esq.
THE BHATTI LAW FIRM, PLLC
5700 Tennyson Parkway, Suite 300
Plano, Texas  75025

PLEASE TAKE NOTICE that Defendants DFW Medical Associates, LLC and

Delilah Brandt ("Removing Defendants") remove this civil action under 28 U.S.C.

1

§§ 1331(a), 1367(a), 1441, and 1446. The specific grounds for removal are set forth below.

## INTRODUCTION

1. On August 7, 2023, Plaintiff Azizul Rehman filed a petition in the 471st Judicial District Court in Collin County, Texas. The case is styled *Rehman v. DFW Physicians Medical Associates, LLC, et al.*, Cause No. 471-04262-2023 (the "State Action").

2. **List of all parties** (*see* Local Rule CV-81(c)(1)):

   - **Plaintiff:**
     - Azizul Rehman
   - **Defendants:**
     - DFW Physicians Medical Associates, LLC ("DFWPMA")
     - Delilah Brandt
     - ADP, Inc.

3. **Current status of removed case** (*see* Local Rule CV-81(c)(1)):

   - **Pending**

4. Neither of the Removing Defendants has been served with process. Upon information and belief, ADP, Inc. has not been served either—in fact, the State Action file obtained by the Removing Defendants does not reflect that a citation has been issued. Service of process is not a prerequisite to removal. *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000).

5. No answers have been filed in the State Action.

6. As required by Local Rule CV-81(c), the Removing Defendants attach the following documents to this Notice of Removal:

   (1) A civil cover sheet (**Exhibit 1**).

   (2) A certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court as required by 28 U.S.C. § 1446(a) (**Exhibit 2**).

   (3) A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number, and party or parties represented by that attorney (**Exhibit 3**).

## BASIS FOR REMOVAL

7. The parties agree that this Court has federal-question jurisdiction under 28 U.S.C. § 1331. Dr. Rehman asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and Title VII, 42 U.S.C. § 2000e, *et seq.*

8. In addition, Dr. Rehman purports to assert state-law claims for breach of contract, promissory estoppel, quantum meruit, negligent misrepresentation, intentional misrepresentation, fraud, and apparently for breach of fiduciary duties. All of these state-law claims implicate Dr. Rehman's rights under the 401(k) plan that he formerly had while employed by DFWPMA. To the extent that these state-law claims implicate the 401(k) plan, they relate to an ERISA plan and are therefore preempted by ERISA, thus raising additional federal questions. *See, e.g.*, 29 U.S.C. § 1144(a).

9. To the extent that these state-law claims are not preempted by ERISA, the Court has supplemental jurisdiction because they arise from the same allegations as the federal claims, and thus are so related to the federal claims that they form part of the same case or controversy. 28 U.S.C. § 1367.

10. The same is true for Dr. Rehman's claim under the Texas Commission on Human Rights Act. This claim relies on the same allegations as his federal Title VII claim. Thus it is so related to the Title VII claim that its forms part of the same case or controversy; again, this Court has supplemental jurisdiction over that claim. 28 U.S.C. § 1367.

11. Dr. Rehman does not dispute this. He admits in his state-court petition that his "religious discrimination claims . . . present[] a question of federal law." Petition at 2 ¶ 7.

### VENUE, NOTICE, AND REQUEST FOR ARGUMENT

12. Venue is proper in the Eastern District of Texas and the Sherman Division under 28 U.S.C. § 1441(a) because, under 28 U.S.C. § 124(c)(3), this District and Division embraces Collin County, Texas, the place where the removed action has been pending.

13. Defendant will promptly file a Notice of Filing Notice of Removal with the 471st Judicial District Court in Collin County, Texas, and will serve a copy on Dr. Rehman's counsel as required by 28 U.S.C. § 1446(d).

14. Should Dr. Rehman seek to remand this case to state court, the Removing Defendants respectfully ask that they be permitted to brief and argue the issue of this removal before any remand order issues. In the event that the Court

decides remand is proper, the Removing Defendants ask that the Court retain jurisdiction and, if the Court deems it appropriate, certify any remand order for interlocutory review by the Court of Appeals under 28 U.S.C. § 1292(b).

## JURY TRIAL

15. Dr. Rehman demanded a jury trial in the State Action. *See* Petition at 13 ¶ 117.

## CONCLUSION

16. It is undisputed that this is a civil action that arises under the Constitution, laws, or treaties of the United States. It thus presents a matter over which this Court has original jurisdiction. 28 U.S.C. § 1331. It is also undisputed that Dr. Rehman's state-law claims form part of the same case or controversy as his federal claims, so this Court has supplemental jurisdiction over those claims. 28 U.S.C. § 1367(a).

17. The Removing Defendants therefore pray that the State Action be removed to, and retained in, this Court.

DATED: 10 August 2023

                Respectfully submitted,

                /s/ Robert J. Carty, Jr.
                Robert J. Carty, Jr., Lead Attorney
                NICHOLS BRAR WEITZNER & THOMAS LLP
                Texas Bar No. 00788794
                2402 Dunlavy Street, Suite 2000
                Houston, Texas  77006
                Telephone: (713) 405-7715
                Email:  rcarty@nicholsbrar.com

Ryan M.T. Allen
RYAN M.T. ALLEN AND ASSOCIATES, PLLC
Texas Bar No. 24040414
290 S. Preston Road, Suite 380
Prosper, Texas 75078
Telephone: (214) 802-4465
Email: ryan@rmta.law

**COUNSEL FOR DEFENDANTS DFW PHYSICIANS MEDICAL ASSOCIATES, LLC AND DELILAH BRANDT**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record, as listed below, via email and certified mail, return receipt requested, on 10 August 2023.

    Vincent J. Bhatti, Esq.
    vincent.bhatti@bhattilawfirm.com

    Ditty S. Bhatti, Esq.
    ditty.bhatti@bhattilawfirm.com

    THE BHATTI LAW FIRM, PLLC
    5700 Tennyson Parkway, Suite 300
    Plano, Texas  75025

    /s/ Robert J. Carty, Jr.
    Robert J. Carty, Jr.